**FANG YONG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–2831–ag.**

United States Court of Appeals, Second Circuit.

March 14, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

G.F. Peterman III, Acting United States Attorney for Middle District of Georgia, Dean S. Daskal, Assistant United States Attorney, Columbus, Georgia, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Fang Yong, through counsel, petitions for review of the BIA decision denying his application for asylum and withholding of deportation. We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision and reasoning, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for former Attorney General John Ashcroft.

Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

The IJ's only basis for the adverse credibility finding was Yong's failure to mention his wife's forced abortion in his first asylum application and hearing. Yong explained that he omitted information about his wife's abortion during his first hearing because the travel agent who assisted him with his application told him not to mention it without any proof that it happened. He also stated that he took this advice because he did not understand the law.

When an applicant provides an explanation for an apparent inconsistency or implausibility, the IJ must consider it. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 403 (2d Cir.2005) (citing *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 149–50 (2d Cir.2003)). The IJ need not accept the explanation, and the IJ's determination that an explanation was insufficient will be reversed only if a reasonable fact-finder would have been compelled to credit it. *See Majidi v. Gonzales,* 430 F.3d 77, 80 (2d Cir.2005). In this case, Yong's explanation was not compelling. Even if his representative told him not to mention the abortion, the IJ reasonably questioned why Yong would leave out that information when he was trying to prove that he feared persecution by the Chinese government under the family planning policy. Moreover, the IJ properly reasoned that if Yong were telling the truth about being afraid to testify to events that he did not have documentation to support, he would not have testified about his marriage, the birth of his daughter, or receiving a fine, because he did not have documentary proof of those either.

Accordingly, the petition for review is DENIED. Any stay of removal that the

Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).